**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JAMES THOMPSON, | : | PRISONER HABEAS CORPUS |
|    Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| STATE OF GEORGIA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:16-CV-2470-TWT-JFK |

**MAGISTRATE JUDGE'S ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

Petitioner, James Edward Thompson, Georgia Department of Corrections (GDOC) identification number 497699 and GDOC case number 75735, challenges via 28 U.S.C. § 2254 his February 2007 Gwinnett County convictions. Petitioner seeks to proceed without prepaying the $5.00 filing fee [3], and for the purpose of dismissal, he is **GRANTED** *in forma pauperis* status. The matter is now before the Court for a review of the petition [1] pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires the Court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" The matter also is before the Court on Petitioner's motion to present newly discovered evidence [5], motion for recusal of the Honorable Judge Thomas W. Thrash, Jr. [6],

second motion to present newly discovered evidence [7], and third motion to present newly discovered evidence [8].

I. **Discussion**

Material submitted by Petitioner shows that he was charged with and pleaded guilty to aggravated stalking and terroristic threats when, after being "knocked unconscious" in an auto accident, he made a telephone call to his ex-wife and left a voice message, which was in violation of a restraining order and which Petitioner states he did not remember doing. (Pet'r Attach. at 8-9, 15, 43, ECF No. 1-1). In his instant petition, Petitioner challenges his 2007 Gwinnett County convictions for aggravated stalking and terroristic threats. (Pet. at 1). Petitioner states that his petition is based partly on newly discovered evidence and states, among other things, that his guilty plea was invalid because he was drugged and "totally blacked out" when he pleaded guilty. (Id. at 1, 5-6).

In Thompson v. Owens, No. 1:14-CV-2191-TWT (N.D. Ga. Nov. 4, 2014) (hereinafter "Thompson"), Petitioner submitted a federal habeas corpus petition challenging the same 2007 Gwinnett County convictions that he challenges in the instant petition. Petition, Thompson. The Court dismissed the petition in Thompson as untimely. See Final Report and Recommendation, Thompson.

Federal law requires that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[1] Thus, once this Court, a district court, has dismissed as untimely a federal habeas corpus challenge to custody pursuant to a state court conviction, it lacks jurisdiction to entertain a subsequent challenge to the same custody and conviction without prior authorization from the Eleventh Circuit Court of Appeals. See id.; Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1259 (11th Cir. 2009); see also

---

[1]The Court advises Petitioner that a federal court of appeals may authorize a second or successive application on a claim only if the claim was not presented in a prior application and –

  (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

  (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

3

Morris v. Fla. Dep't of Corr., 519 F. App'x 990, 990 n.3 (11th Cir. 2013) (noting that dismissal of petition as untimely is considered to be with prejudice and that a subsequent petition is considered successive).  Because this petition is a successive attack on Petitioner's 2007 Gwinnett County convictions and because Petitioner did not obtain the required authorization to bring another petition, this action must be dismissed for lack of jurisdiction.

Petitioner's motions to present newly discovered evidence shall be denied as moot as federal law does not provide this Court with jurisdiction to consider his petition.  The Court also should deny Petitioner's motion requesting that the assigned district court judge recuse himself because he dismissed as frivolous a prior action filed by Petitioner.  See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion."); Hamm v. Members of Bd. of Regents, 708 F.2d 647, 651 (11th Cir.1983) (stating that adverse rulings do not constitute pervasive bias).

## II.     Certificate of Appealability ("COA")

Under Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because it is not debatable that this action is successive and that Petitioner did not obtain authorization to file a successive petition. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

Based on the above,

**IT IS ORDERED** that Petitioner's application to proceed *in forma pauperis* [3] is **GRANTED** for the purpose of dismissal.

**IT IS ORDERED** that Petitioner's first, second, and third motions to present newly discovered evidence [5, 7, 8] are **DENIED** as moot.

**IT IS RECOMMENDED** that this petition for a writ of habeas corpus [1] be **DISMISSED** for lack of jurisdiction, that a COA be **DENIED**, and that Petitioner's motion for recusal of the Honorable Judge Thomas W. Thrash, Jr. [6] be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO ORDERED**, **RECOMMENDED**, **and DIRECTED** this 12th day of August, 2016.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE